UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID C. LETTIERI,<br><br>    Plaintiff,<br><br>v.<br><br>FOUR IN ONE,<br><br>    Defendant. | Case No. 24-cv-02898-HSG<br><br>**ORDER TO SHOW CAUSE WHY LEAVE TO PROCEED IN FORMA PAUPERIS SHOULD NOT BE DENIED**<br><br>Re: Dkt. Nos. 2, 5 |

Plaintiff filed this *pro se* complaint alleging negligence and diversity of citizenship, 28 U.S.C. § 1332 . Plaintiff has requested leave to proceed *in forma pauperis*. Dkt. Nos. 2, 5. For the reasons set forth below, the Court orders Plaintiff to show cause why his requests for leave to proceed *in forma pauperis* should not be denied pursuant to the three strikes provision set forth in 28 U.S.C. § 1915.

**DISCUSSION**

**I.    28 U.S.C. § 1915(g)**

This action is governed by the Prison Litigation Reform Act of 1996 ("PLRA") which became effective on April 26, 1996. The PLRA provides that a prisoner may not bring a civil action under 28 U.S.C. § 1915, i.e., may not proceed *in forma pauperis*, "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

For purposes of a dismissal that may be counted under Section 1915(g), the Ninth Circuit gives this guidance:  The phrase "fails to state a claim on which relief may be granted" parallels

the language of Federal Rule of Civil Procedure 12(b)(6) and apparently means the same thing. *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) ( "*Andrews I*"). A case "is frivolous if it is 'of little weight or importance: having no basis in law or fact.'" *Id.* (citation omitted). "A case is malicious if it was filed with the 'intention or desire to harm another.'" *Id.* (citation omitted). "Not all unsuccessful cases qualify as a strike under § 1915(g). Rather, § 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Id.* at 1121. A district court is not required to announce in an order that its dismissal constitutes a strike under Section 1915(g) for that dismissal to later count as a strike. *Id.* at 1119 n.8.

In determining whether a prior dismissal counts as a strike, the Court "should look to the substance of the dismissed lawsuit, and not to how the district court labelled or styled the dismissal." *Harris v. Harris*, 935 F.3d 670, 673 (9th Cir. 2019) (internal quotations marks and citation omitted). To be counted as a strike, a case must be dismissed in its entirety as frivolous, malicious or for failure to state a claim. *Id.* at 674. A dismissal based solely on a finding that the plaintiff previously incurred at least three strikes, without any additional finding that the action is itself frivolous, malicious or fails to state a claim, does not count as an additional strike under § 1915(g). *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016).

Generally speaking, a dismissal based on immunity does not constitute a strike because § 1915(g) omits the immunity language as a ground for a strike. *Harris*, 935 F.3d at 675. There are rare cases where immunity may be so clear on the face of the complaint that dismissal may qualify as a strike for failure to state a claim, or where immunity is so obvious that the suit is frivolous and dismissal counts as a strike. *Id.* at 676. "But these are exceptional cases where the affirmative defense is readily apparent without resort to any additional information outside the four corners of the complaint. Such will rarely be the case with immunity-based defenses." *Id.*; *see Ray v. Lara*, 31 F.4th 692, 699 (9th Cir. 2022) (dismissal on basis of prosecutorial immunity for contents of government's appellate brief constituted strike).

The plain language of the imminent danger clause in Section 1915(g) indicates that

2

"imminent danger" is to be assessed at the time of filing of the complaint. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("*Andrews II*"). The conditions that existed at some earlier or later time are not relevant. *Id.* at 1053 & n.5 (post-filing transfer of prisoner out of prison at which danger allegedly existed may have mooted request for injunctive relief against alleged danger, but did not affect Section 1915(g) analysis). "[T]he imminent danger exception to the PLRA three-strikes provision requires a nexus between the alleged imminent danger and the violations of law alleged in the complaint." *Ray v. Lara*, 31 F.4th 692, 695 (9th Cir. 2022). The court "should not make an overly detailed inquiry into whether the allegations qualify for the [imminent danger] exception." *Andrews II*, 493 F.3d at 1055. It is sufficient if the complaint "makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Id*.

The Ninth Circuit requires that the prisoner be given notice of the potential applicability of Section 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion that Section 1915(g) does not bar *in forma pauperis* status for him. *Andrews I*, 398 F.3d at 1120. *Andrews I* implicitly allows the Court to *sua sponte* raise the Section 1915(g) issue, but requires the Court to notify the prisoner of the earlier dismissals it considers to support a Section 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the action. *Id.* A dismissal under Section 1915(g) means that a prisoner cannot proceed with his action *in forma pauperis* under Section 1915(g). However, the prisoner may still pursue his claims if he pays the full filing fee at the outset of the action.

**II.     Plaintiff's Litigation History**

Plaintiff is a frequent litigant. Plaintiff has filed at least 128 civil actions in the federal district courts since 2022, including this action. *See* PACER Case Locator <https://pcl.uscourts.gov/pcl/pages/search/findParty.jsf> (last visited June 20, 2024); *see also Lettieri v. City of Binghamton*, C No. 24-cv-0074 (TJM/ML), Dkt. No. 4 (N.D.N.Y. Jan. 26, 2024) (listing seventy-seven federal actions filed by Plaintiff between 2022 and up to January 17, 2024).[1]

---

[1] Since January 17, 2024, Plaintiff has filed forty-one civil actions in district courts throughout the country. *See* PACER Case Locator <https://pcl.uscourts.gov/pcl/pages/search/findParty.jsf> (last

3

In at least three of these cases, Plaintiff has been denied leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g). *See Lettieri v. Suffolk Cty Police*, C No. 24-cv-30402 (HG) (MMH), 2024 WL 2319707 (E.D.N.Y. May 22, 2024); *Lettieri v. Broome Cnty. Humane Soc'y*, C Nos. 20-cv-7777, 23-cv-7830, 2023 WL 7017081, at *2 (E.D.N.Y. Oct. 25, 2023), *denying recons.*, 2023 WL 8003478, (E.D.N.Y. Nov. 17, 2023); *Lettieri v. Broome Cnty. Humane Soc'y*, C No. 23-cv-1223, 2023 WL 9066861, at *2 (W.D.N.Y. Dec. 4, 2023); *Lettieri v. Auricchio*, C No. 23-CV-1121, 2023 WL 9066873, at *2 (W.D.N.Y. Dec. 4, 2023).

Plaintiff is subject to pre-filing orders in at least two districts that prevent him from filing any actions or pleadings without prior permission of the court. On January 19, 2024, the Western District of New York barred Plaintiff from filing any new actions in the Western District of New York for one year without first obtaining written permission, and ordered that Plaintiff be fined $500.00 for every three times he seeks permission to file a new action *pro se*. *In re David C. Lettieri*, C No. 23-mc-0032 LJV (W.D.N.Y.), Dkt. No. 18 (Jan. 19, 2024). On May 10, 2024, the Northern District of New York entered a pre-filing injunction which permanently enjoined Plaintiff from filing any pleadings or documents as a pro se plaintiff in the Northern District of New York without prior permission from the Chief Judge. *In re David C. Lettieri*, C No. 3:24-pf-00001-BKS (N.D.N.Y.), Dkt. No. 4 (May 10, 2024).

**III.   Prior Strikes**

The Court has reviewed Plaintiff's prior cases and finds that he has at least three cases which were dismissed as either frivolous, or malicious, or for failure to state a claim:

(1)   *Lettieri v. W. Dist. of NY*, C No. 23-cv-0770 (W.D.N.Y.) ("*Lettieri I*"). In *Lettieri I*, Plaintiff brought a *Bivens* action, alleging that a member of the United States District Court for the Western District of New York Clerk's Office failed to mail him an order and judgment in another case he filed with this Court. On September 11, 2023, the *Lettieri I* court dismissed the action with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, because the member of the Clerk's Office responsible for mailing the order and judgment in C No. 23-cv-318 is entitled to

---

visited June 20, 2024).

judicial immunity. *Lettieri I*, Dkt. No. 7 (Sept. 11, 2023). This case qualifies as a strike for failure to state a claim because it is "'an exceptional case[] where the affirmative [immunity] defense is readily apparent without resort to any additional information outside the four corners of the complaint.'" *Ray*, 31 F.4th at 699 (citing *Harris*, 935 F.3d at 676).

   (2) *Lettieri v. U.S. Dep't of Justice*, C No. 23-cv-0866 (W.D.N.Y.) ("*Lettieri II*"). In *Lettieri II*, Plaintiff brought a *Bivens* action, alleging that, during his criminal trial, Assistant United States Attorney Maeve Huggins violated Fed. R. Evid. 412(c), thus violating his rights to due process, a fair trial, and confrontation. On September 19, 2023, the *Lettieri II* court dismissed the action with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), because the claims against AUSA Huggins were barred by the doctrine of absolute prosecutorial immunity. *I* Dkt. No. 3 (Sept. 19, 2023). This case qualifies as a strike for failure to state a claim because it is "'an exceptional case[] where the affirmative [immunity] defense is readily apparent without resort to any additional information outside the four corners of the complaint.'" *Ray*, 31 F.4th at 699 (citing *Harris*, 935 F.3d at 676).

   (3) *Lettieri v. Vilardo*, C No. 23-cv-6498 (W.D.N.Y.) ("*Lettieri III*"). In *Lettieri III*, Plaintiff brought a *Bivens* action against United States District Court Judge Lawrence J. Vilardo, in connection with *United States v. Lettieri*, Case No. 1:21-cr-0020, a criminal action that was pending the Western District of New York at that time, and over which Judge Vilardo was presiding. On September 21, 2023, the *Lettieri III* court dismissed the action with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), because the claims against Judge Vilardo were barred by the doctrine of absolute judicial immunity. *Lettieri II*, Dkt. No. 3 (Sept. 21, 2023). This case qualifies as a strike for failure to state a claim because it is "'an exceptional case[] where the affirmative [immunity] defense is readily apparent without resort to any additional information outside the four corners of the complaint.'" *Ray*, 31 F.4th at 699 (citing *Harris*, 935 F.3d at 676).

//
//
//
//

In *Lettieri v. Northeast Ohio Corr. Ctr.*, C No. 4:24-cv-0032 (N.D. Ohio) ("*Lettieri IV*"), the Northern District of Ohio noted that, as of January 10, 2024, Plaintiff had filed at least six cases in the Northern District of Ohio and nine cases in the Western District of New York that had been dismissed under 28 U.S.C. § 1915(e). *Lettieri IV*, Dkt. No. 3 (Jan. 10, 2024).

Because Plaintiff has had at least three cases dismissed that count as "strikes" pursuant to 28 U.S.C. § 1915(g), he may not proceed *in forma pauperis* in this action unless he demonstrates that he was in imminent danger of serious physical injury at the time he filed the complaint. As discussed below, Plaintiff has not alleged, much less demonstrated, that he was in imminent danger of serious physical injury at the time he filed the complaint.

## IV.    Order to Show Cause

The complaint names as defendant the company Four-in-One, located in San Jose, California. The complaint alleges that in 2024, while Plaintiff was housed at Niagara County Jail, Four-in-One was negligent because "[i]mproper health diet. Salad dressing. No nutrition facts or net weight, misleading title." The complaint alleges that Four-in-One has violated "Title 72401-2718, Title 76301-6311, Breach of duty care, violation of Title 21 343-1, Title 21 343 New York State General Business Law 349, General Business Law 350." Dkt. No. 1 at 4.

The complaint's allegation do plausibly allege that Plaintiff faced imminent danger of serious physical injury from defendant Four-in-One on April 21, 2024, the date the complaint was signed by Plaintiff. Dkt. No. 1 at 5. Misleading or incomplete information on the salad dressing label does not place Plaintiff in imminent danger of serious physical injury. Accordingly, within **twenty-eight (28) days** of the date of this order, Plaintiff shall show cause why his request for leave to proceed *in forma pauperis* should not be denied pursuant to the three strikes provision set forth in 28 U.S.C. § 1915.

## CONCLUSION

For the reasons set forth above, the Court orders Plaintiff to, within **twenty-eight (28) days** of the date of this order, show cause why his requests for leave to proceed *in forma pauperis* should not be denied pursuant to the three strikes provision set forth in 28 U.S.C. § 1915. Failure to respond in accordance with this order will result in dismissal of this action without further

notice to Plaintiff pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with a court order.

**IT IS SO ORDERED.**

Dated: 8/19/2024

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge